### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Y-TRAP, INC., <br><br> Plaintiff, <br><br> v. <br><br> BIOCON LTD. AND BICARA THERAPEUTICS, INC., <br><br> Defendants. | Civil Action No. 1:24-cv-12678-GAO |

**PLAINTIFF Y-TRAP, INC.'S MOTION TO RESET SCHEDULING CONFERENCE**

Under Local Rule 16.1(a), and because Plaintiff's lead counsel (David Tellekson) has an unavoidable schedule conflict, Plaintiff Y-Trap, Inc. ("Y-Trap") moves to reset the Scheduling Conference by a few days, from its current date (February 11, 2025), *see* Dkt. 20, to sometime between February 18 - March 4 or March 18 - 21, 2025.

The Court's Notice of the Scheduling Conference states that it is of utmost importance for senior lawyers responsible for the case to attend and participate. *Id.* Y-Trap's lead counsel, Mr. Tellekson, has an unavoidable schedule conflict on February 11, 2025 (he has a long planned and paid for vacation with his family) that prevents him from attending on that day. He could be available on many other dates later in February or in March, including the ones mentioned above.

Y-Trap contacted Defendants on December 18, 2024 about this scheduling conflict and asked for their availability on the above dates. Defendants responded that the Scheduling Conference should be canceled entirely until after their then unfiled motions to dismiss were filed, briefed, and decided. Defendants' proposal would unfairly prejudice Y-Trap. Local Rule 16.1(a) states that scheduling conferences should be convened "as soon as practicable" and Fed. R. Civ. P. 16(b)(2) encourages courts to issue scheduling orders "as soon as practicable." Neither rule

suggests prioritizing a motion to dismiss over scheduling conferences. Nor would it make sense to bring the case to a halt simply because Defendants have stated they intend to file motions to challenge the pleadings.[1] It is especially important to keep a case moving in competitor disputes like this one, where Y-Trap sued Defendants—its competitors—because of ongoing harm to Y-Trap and its business.

Dated: January 9, 2025

Y-TRAP, INC.

By its attorneys,

By: */s/ Benjamin M. Stern*
David K. Tellekson (admitted *pro hac vice*)
Jonathan T. McMichael (admitted *pro hac vice*)
Michelle E. Irwin (admitted *pro hac vice*)
Hannah S. Reid (admitted *pro hac vice*)
FENWICK & WEST LLP
401 Union St., 5th Floor
Seattle, WA 98101
Telephone:   206.389.4510
Facsimile:    206.389.4511
dtellekson@fenwick.com
jmcmichael@fenwick.com
mirwin@fenwick.com
hreid@fenwick.com

Kenneth R. Berman (BBO# 040320)
Benjamin M. Stern (BBO# 646778)
NUTTER, MCCLENNEN & FISH, LLP
155 Seaport Blvd.
Boston, MA 02210
Telephone:   617.439.2000
Facsimile:    617.310.9542
kberman@nutter.com
bstern@nutter.com

---

[1] Defendants have not moved to stay the case, nor could they satisfy the "stiff" burden for doing so. *See In re Lotus Dev. Corp. Sec. Litig.*, 875 F. Supp. 48, 51 (D. Mass. 1995) (a stay should not be "more readily obtainable simply because there is a colorable motion to dismiss").

## LOCAL RULE 7.1(a)(2) CERTIFICATE

I certify that counsel for Y-Trap, Inc. conferred in good faith with counsel for Defendants Biocon Ltd. and Bicara Therapeutics, Inc. in an attempt to resolve or narrow the issues presented by this motion, but the parties were unable to do so.

Dated: January 9, 2025    */s/ Benjamin M. Stern*
                          Benjamin M. Stern