UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-12678-GAO

Y-TRAP, INC.,
Plaintiff,

v.

BIOCON LTD. AND BICARA THERAPEUTICS, INC.,
Defendants.

OPINION AND ORDER
September 30, 2025

O'TOOLE, D.J.

In this dispute, Plaintiff Y-Trap, Inc. alleges that two of its competitors, Biocon Ltd. and Bicara Therapeutics, Inc. (collectively, "defendants") copied Y-Trap's inventions and claimed them as their own. The Amended Complaint includes six counts, including one federal count for correction of inventorship and a host of state law claims. Before the Court are Biocon's Motion to Dismiss (dkt. no. 72) and Biocon and Bicara's Motion to Dismiss (dkt. no. 75).

I. **Background**[1]

This matter began in 2010, when doctors Atul Bedi and Rajani Ravi invented novel fusion proteins for cancer immunotherapy while they were full-time faculty members at Johns Hopkins University ("JHU"). These inventions were assigned to JHU, which then filed patent applications that resulted in a family of patents identified as the "'789 Bedi IP."

Drs. Bedi and Ravi's research brought them into contact with Biocon, an Indian pharmaceutical company. In June 2010, shortly after filing the first provisional application for the

---

[1] The following facts are taken from Y-Trap's complaint and are, as is required at this stage, accepted as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

'789 Bedi IP, Dr. Bedi confidentially disclosed his and Dr. Ravi's not-yet-public inventions to several Biocon employees so they could evaluate a potential licensing opportunity. Biocon attempted, unsuccessfully, to obtain a license to the '789 Bedi IP.

In 2015, Drs. Bedi and Ravi co-founded Y-Trap, a new company meant to commercially develop products based on their previous research. Y-Trap licensed the '789 Bedi IP from JHU and obtained the exclusive right to practice the patents and the inventions disclosed therein. Y-Trap, the only plaintiff in this action, is incorporated in Delaware with a principal place of business in San Francisco. Meanwhile, Biocon created a subsidiary, Bicara, and publicly launched Bicara as a standalone company in March 2021. Bicara is incorporated in Delaware with a principal place of business in Boston.

Y-Trap alleges that Biocon secretly licensed to Bicara a patent family claiming the same subject matter as that in the '789 Bedi IP ("the Copycat IP"). The plaintiff alleges that Biocon appropriated to its own use the Copycat IP after Dr. Bedi shared his inventions with Biocon. Biocon then named its own scientists as the sole inventors of the Copycat IP. The Copycat IP included the identical fusion proteins described in the provisional applications of the '789 Bedi IP that is licensed to Y-Trap. Y-Trap claims it only became aware of this con in October 2023, when Bicara first publicly disclosed the structure of the fusion protein (called BCA101). Through this disclosure, Y-Trap learned that BCA101 has "the *identical* anti-EGFR antibody (cetuximab) fused to the *identical* extracellular domain sequence of TGFβRII at the *identical* site (C terminus of the antibody light chain), via the *identical* linker" as that described and disclosed in the '789 Bedi IP. (Am. Compl. ¶ 33 (dkt. no. 58).)

Separately, beginning in 2022, Biocon argued before the Indian Patent Office that its scientists invented the '789 Bedi IP. The Indian Patent Office ultimately rejected Biocon's claims

2

in August 2024. Y-Trap alleges that these combined efforts allowed Biocon and Bicara to advance BCA101 to Y-Trap's detriment. Specifically, Y-Trap alleges that the defendants' actions have created uncertainty regarding Y-Trap's intellectual property and diminished its value.

Y-Trap filed a complaint against both defendants, Biocon and Bicara, on October 22, 2024. Bicara and Biocon moved to dismiss, and instead of opposing, Y-Trap filed the operative Amended Complaint. The Amended Complaint alleges a single federal claim for correction of inventorship and three Massachusetts state law claims including violations of Massachusetts General Laws Chapter 93A, unjust enrichment, and civil conspiracy. The defendants again have moved to dismiss the complaint in a joint brief for lack of standing and failure to state a claim (dkt. no. 75). Biocon also moves to dismiss with a separate, individual motion contending that this Court lacks personal jurisdiction over Biocon with respect to the state claims (dkt. no. 72).

## II. Biocon's Individual Motion to Dismiss for Lack of Personal Jurisdiction

Biocon's individual motion to dismiss Y-Trap's state law claims is GRANTED. To establish personal, specific jurisdiction, a plaintiff must show that jurisdiction is 1) statutorily authorized and 2) consistent with the Due Process Clause of the United States Constitution. The Court skips directly to the second question. To be consistent with the Due Process Clause, the plaintiff must meet three elements: the claims must be related to the defendant's forum state activities, the defendant must have purposefully availed itself of the forum state, and exercising jurisdiction must be reasonable. See Sawtelle v. Farrell, 70 F.3d 1381, 1389–94 (1st Cir. 1995).

Biocon argues that the first element of the Due Process test is not met because the state claims do not relate to its Massachusetts activities. As support, it argues the central issue in this suit does not relate to Massachusetts at all in that Y-Trap alleges that Biocon scientists in India copied the '789 Bedi IP and that Biocon filed the Copycat IP patent applications at the United

States Patent and Trademark Office in Virginia and with the Controller General of Patents in India. The Court agrees with Biocon that it cannot exercise personal jurisdiction over Biocon because this case does not directly relate to any activities by Biocon within Massachusetts. As alleged in the Amended Complaint, Biocon's alleged misdeeds occurred in Virginia and India. Therefore, Biocon's individual Motion to Dismiss the state law claims is granted.

### III.    Joint Motion to Dismiss

The defendants' joint motion to dismiss the federal Correction of Inventorship claim, 35 U.S.C. § 256, and the state law claims as to Bicara is DENIED. After carefully reviewing the pleadings and the arguments made at the August 13, 2025, hearing, and taking plausible inferences in Y-Trap's favor, the Amended Complaint is sufficient at this early stage of litigation.[2] An adequate assessment of whether these claims should be dismissed requires further development of the relevant facts.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[2] To reiterate, the state law claims are dismissed against Biocon. Only the federal claim remains as to that defendant.